IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02593-BNB

JARED FLAHIFF,

    Plaintiff,

v.

U/M COOPER,
H/O HASSENFRITZ, and
W/ HOYT BRILL,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 5 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Jared Flahiff, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Kit Carson Correctional Facility in Burlington, Colorado. Mr. Flahiff, acting *pro se*, initiated this action by filing a Prisoner Complaint challenging a prison disciplinary conviction.

Mr. Flahiff raises two claims. In Claim One, he asserts that D/O Franz withheld evidence from him regarding statements made by two individuals, including U/M Cooper who is named as a defendant in the lawsuit. Mr. Flahiff also appears to assert that he did not receive the evidence used against him within twenty-four hours of the hearing as is required under the Code of Penal Discipline handbook, which he claims includes information from a confidential informant that he has gang affiliations and was involved in a gang riot. Mr. Flahiff further asserts that Defendant Brill affirmed the disciplinary conviction and found that the decision was not based on confidential informants, which Mr. Flahiff argues is contradictory to D/O Franz's statement that an

informant provided information about his involvement in a gang riot and gang affiliation. In Claim Two, Mr. Flahiff asserts that his name and his DOC number are not correct in the Notice of Charges.

Mr. Flahiff also asserts that as a result of the conviction he was sanctioned to fifteen days in segregation and denied community corrections classification and consideration for a point reduction, which affects his custody placement. (*See* Letter of Intent (Doc. No. 4).) Mr Flahiff seeks expungement of the disciplinary conviction and a restraint against retaliation by prison officials for filing this action.

Magistrate Judge Boyd N. Boland instructed Mr. Flahiff to file an Amended Complaint and assert personal participation by all named Defendants. On January 28, 2010, Mr. Flahiff filed a Letter with the Court in which he stated that all the allegations in the original Complaint are true, and he could not modify the Complaint. Mr. Flahiff further stated in the Letter that Defendant Hassenfritz was the hearing officer who convicted him of the disciplinary conviction and violated his rights. Nonetheless, as found by Magistrate Judge, Mr. Flahiff does not assert any claims against Defendant Hassenfritz in the text of his Complaint. Mr. Flahiff asserts in the text of the Complaint that D/O Franz was the disciplinary officer responsible for relying on informant evidence at the hearing and not providing the evidence to him prior to the hearing.

On February 16, 2010, Magistrate Judge Boland entered an order giving Mr. Flahiff a second opportunity to submit an amended complaint on a Court-approved form and to state in the text how each named defendant listed in the caption personally participated in the violation of his constitutional rights. Mr. Flahiff was instructed that if he failed to comply with the February 16 Order the Court would proceed to review only

2

the merits of the claims asserted against Defendants Cooper and Brill. Mr. Flahiff has failed to comply with the February 16 Order. Nonetheless, the Court will proceed to review the merits of the claims Mr. Flahiff asserts against Defendants Brill and Cooper and C/O Frantz, even though Ms. Frantz is not named as a defendant.

The Court must construe the Prisoner Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the Complaint will be dismissed as legally frivolous.

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Flahiff does not allege that he was deprived of life or property at his disciplinary hearing. Therefore, he was entitled to procedural protections at the disciplinary hearing only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise under the United States Constitution or

3

prison regulations. *See Sandin*, 515 U.S. at 483-84. The Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369. Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum*, 427 U.S. at 224.

Prison regulations may create a liberty interest if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The United States Supreme Court has recognized that a due process liberty interest is at state when a prisoner's reclassification imposes an "atypical and significant hardship." *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). But the conditions in *Wilkinson* were extreme, including indefinite solitary confinement that rendered the prisoner ineligible for parole. *See id.* at 224. The extreme conditions found in *Wilkinson* are not present here. Mr. Flahiff was sanctioned to fifteen days in segregation, denied placement in community corrections, and subjected to a point reduction in his classification score. These sanctions do not subject Mr. Flahiff to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See id.* at 487. Even if the Court were to assume that Mr. Flahiff has a constitutionally protected liberty interest in being placed in segregation for fifteen days and a change in his classification, he was not denied due process in his disciplinary proceeding.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v.*

*McDonnell*, 418 U.S. 539, 556 (1974). Instead, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See id.* at 563-66; *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see Mitchell*, 80 F.3d at 1445. The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457).

Constitutionally adequate due process at a prison disciplinary hearing does not require that a plaintiff be informed of every detail of the charges against him so that he can prepare what in his opinion is the best defense. It only requires that he be informed of the charges to enable him to marshal the facts and prepare a defense. *Wolff*, 418 U.S. at 564.

"[A] failure to adhere to administrative regulations does not equate to a

constitutional violation." See *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)). A review of a plaintiff's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell*, 80 F.3d at 1445; *e.g.*, *Diaz v. McGuire*, No. 05-3149, 154 Fed. Appx. 81, 84-85 (10th Cir. (Kan.) Nov. 14, 2005) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause) (unpublished op.), *cert. denied*, 546 U.S. 1221 (2006). With respect to Plaintiff's *Wolff* claims, the Court finds the following.

Due process is provided to an inmate when he receives notice of the charges against him within twenty-four hours prior to a disciplinary hearing. Here, Mr. Flahiff received written notice of the incident report and the charges asserted against him on August 7, 2009. (Compl. at Attachs.) His disciplinary hearing took place on August 11, 2009. (*Id.*) Mr. Flahiff had more than twenty-four hours between the date he was given a notice of the charges against him and the date the disciplinary hearing was held. Furthermore, the Notice of Charges given to Mr. Flahiff on August 7 informs him that Defendant Cooper was a witness to the violation with which he was charged. (*Id.*)

Mr. Flahiff was not charged with involvement in a gang riot or gang affiliation. (*Id.*) Nothing in the Notice of Charges or in the Disposition of Charges documents attached to Mr. Flahiff's Complaint indicates gang riots or gang affiliation were at issue. (*Id.*) Furthermore, nothing in the Disposition of Charges indicates that the disciplinary hearing officer relied on a confidential informant in determining that Mr. Flahiff was guilty of an unauthorized absence. (*Id.*) The disciplinary hearing officer relied on the

written Notice of Charges and the statements made by the two prison officers who found Mr. Flahiff in the Echo Alpha Unit when his housing assignment was the Echo Charlie Unit. (*Id.*) Based on the information provided in the Notice of Charges, Mr. Flahiff was satisfactorily informed of the charges against him so that he could marshal the facts and prepare a defense prior to his hearing.

The Court also finds that the typographical errors in the Notice of Charges does not amount to a violation of Mr. Flahiff's constitutional rights. It is clear that Mr. Flahiff is the individual against whom the charges were made. The misspelling of his name, as Jariff instead of Jared and Fahliff instead of Flahiff, and the transposition of numbers in his DOC number from 110772 to 110722 do not state a denial of due process in his disciplinary proceeding.

Based on the above findings, Mr. Flahiff fails to assert a denial of his due process rights in the disciplinary proceeding. The Court, therefore, finds that Mr. Flahiff's claims lack merit, and the action should be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this  5th  day of  April , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02593-BNB

Jared Flahiff
Prisoner No. 110772
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/5/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk